**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

GARY MCCLENDON                                                              PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:03CV1121BN

ANTHONY COMPTON, ET AL                                                    DEFENDANTS

======================================================================

**MEMORANDUM OPINION AND ORDER**

THIS CAUSE came on for trial before the undersigned United States Magistrate Judge on the 23rd day of January, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney John C. Clay, Office of the Attorney General of Mississippi. The parties executed a Consent to Exercise of Jurisdiction by a Magistrate Judge, and, on April 21, 2004, Judge William S. Barbour, Jr. referred this matter to the undersigned for all further proceedings and the entry of judgment, pursuant to 28 U.S.C. 636 (c)(4) and FED. R. CIV. P. 73(d). This case was heard in conjunction with Cause No. 3:03cv1122BN because many of the parties were the same.

The Plaintiff testified on his on behalf. He is incarcerated in the custody of the Mississippi Department of Corrections at the Central Mississippi Correctional Facility, Pearl, Mississippi. According to the Plaintiff, on April 8, 2003, he was assaulted by another inmate, George Cochran, in C-Unit at CMCF. The assault was committed in the presence of Officer Gloria Clark. The Plaintiff had gone to the law library where Cochran worked to put in his state-issued clothing order. He later woke Cochran up and asked him for his clothes, but Cochran said he had no order for the Plaintiff. They began arguing about it, and Cochran slapped him and hit him over the head.

1

Officer Gloria Clark was on duty and witnessed the assault.  The Plaintiff told Officer Clark to give Cochran an RVR, or rules violation report, but she stated that her shift was up and she was leaving.  Officer Bates and Officer Compton also refused to do anything about the assault.

According to the Plaintiff, his neck had been previously broken in a car wreck, and this assault made it worse and caused him to crack his shoulder and perhaps his jaw.  He tried to get medical help, as well as x-rays, but the Defendants refused him medical care.  The Plaintiff asserts that it took him two and one half years to get the Defendants to have him x-rayed.  The Plaintiff remained in the same zone with George Cochran for at least two or three weeks after the incident.  However, he was moved at some point by Officer Maude Irby.

The Plaintiff submitted his own testimony.   He also called the Defendant Faith Bates to give testimony.  The Defendant Bates testified on her own behalf.  The defense called Dr. John Bearry to give testimony regarding the Plaintiff's medical records in support of their defense.

The defense did not deny that the Plaintiff and George Cochran were in an altercation.  However, the medical records do not support the Plaintiff's version of the severity of the injuries he received in the altercation.  The records do indicate he was assaulted by another inmate on April 8, 2003, and brought to the clinic for treatment on that date.  No acute findings were noted in the record on this date.  Nurse Stapleton noted that the "inmate complains of getting hit" and has pain to his neck and base of his skull. The area had no redness and no other objective evidence of injuries.  On April 15, 2003, the Plaintiff was again in the clinic; he asked about using a cane, complained of constipation and his blood pressure.  He did not mention his prior injury.  On April 19 & 25, 2003, the Plaintiff was treated again, complaining of facial bumps and a growth on his

buttocks.  Again, he did not mention injuries from the altercation.  On May 8, 2003, he was treated for infection from a possible spider bite; he did not mention injuries from a fight.  Although the Plaintiff was not x-rayed at the time of this incident, the records confirm that his x-rays were the same in 1997 and in 2005.  Any injury shown in his shoulder and back were pre-existing at the time of his conviction.

The Court has carefully considered the evidence, including the testimony of the witnesses as well as all of the documents submitted, and finds that the Plaintiff has failed to prove by a preponderance of the evidence that these Defendants violated his constitutional rights.  George Cochran and he apparently did fight.  However, these Defendants did not cause the fight, did not participate in the fight, and the Plaintiff has not provided evidence that they conspired in any way to harm the Plaintiff.  There is no constitutional requirement that these Defendants issue RVRs to inmates who fight.  The medical records indicate that adequate medical care was provided to the Plaintiff, and that his injuries were non-severe.

The Plaintiff asked that other witnesses be brought to testify on his behalf.  The Court finds that the expense and burden of bringing these witnesses to testify outweighs any probative value their testimony might provide.  The medical records confirm that the Plaintiff's injuries were minor, and no inmate testimony would change the result in this case or assist the Plaintiff in meeting his burden of proof.  The Plaintiff is required to submit evidence proving his claims by a preponderance of the evidence, and he has failed to do so.   His testimony is simply not enough to overcome the medical records in this case.

The failure to protect prisoners may in some situations result in a constitutional violation. In the case of Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995), the prisoner asserted that prison officials wrongly denied his requests to be reclassified for protective custody, safekeeping status, or for a unit transfer, all in disregard of his safety.  The Court held that to establish a failure-to-protect claim under §1983, a prisoner must show that **he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection**.  *Id. (Emphasis added).*   In Framer v. Brennan, 511 U.S. 825, 837 (1994), the United States Supreme Court  held that in order to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

In this case, the Plaintiff has not alleged that these Defendants knew of any risk to his safety by housing him with George Cochran.  Cochran had not threatened him prior to the attack, and these Defendants had no reason to believe that he would do so.  Further, the Plaintiff was not "seriously harmed," as evidenced by his medical records.  No liability can be established under the circumstances as testified to by this Plaintiff.

For these reasons, the Court finds that the Plaintiff has failed to prove that any of the Defendants violated his rights as secured by the United States Constitution.  Accordingly,

IT IS HEREBY ORDERED that the Plaintiff's complaint is dismissed with prejudice and Final Judgment in favor of the Defendants shall be entered on this date.

IT IS SO ORDERED, this the 15th day of February, 2006.

S/ Alfred G. Nicols, Jr.
UNITED STATES MAGISTRATE JUDGE